## JONATHAN PRESCOTT *versus* RICHARD WHITE.

Where one is the owner of an ancient mill, to which there has been attached a race way, being an artificial canal, for conducting off the water, and without the free and unobstructed current of which the mill could not be worked, and such canal has, from time immemorial, passed through the land of another, and there is no grant or contract regulating the rights of the parties, the owner of the mill has a right to enter upon the land through which the raceway passes and to clear out the obstructions therefrom, in the mode, if any, hitherto practised for clearing out the raceway, otherwise in the usual and ordinary mode of cleansing such canals, doing no unnecessary damage.

The right or duty of the mill owner, in cleansing such raceway, to place on the adjoining banks, or to carry off the materials taken out, may depend on the nature of the materials and other circumstances in the particular case.

TRESPASS *quare clausum* for entering and digging out the raceway from the defendant's mill, where it runs through the plaintiff's land. Trial before *Morton* J.

The judge instructed the jury, that the defendant, as owner of an ancient mill above, and an artificial raceway as appurtenant to or connected with it, had the incidental right to enter upon the plaintiff's land and clear out the raceway in the ordinary and usual method, and to throw the materials so cleared out, upon the banks of the same, doing no unnecessary damage.

No evidence was introduced of the defendant or the former proprietor of the mill ever having cleared out the raceway or ever having entered for that purpose.

The plaintiff objected to the ruling of the judge ; and if it was erroneous, the verdict, which was for the defendant, was to be set aside and a new trial granted.

*Mann* and *Clarke*, for the plaintiff. If the mill-race were a natural stream, the mill owner would not have a right to place upon the banks the materials dug out in cleansing it. The proprietor of the land would be entitled to occupy to the margin of the stream for building or other purposes. It is not necessary to the beneficial enjoyment of the mill, that the materials dug out should be placed upon the bank, for they might be carried down the stream. But this was an artificial canal, originating in a presumed grant, and the right is commensurate with the use and enjoyment. If the defendant ever had the right now in question, he has lost it by non-user for

*Oct. 31st.*

twenty yeais.    As an incident to the principal thing granted, it could go no further than strict necessity required.  *Samborn* v. *Harilo*, Bridgman's Rep. 910 ; *Bateson* v. *Green*, 5 T. R 411 ; *Taylor* v. *Whitehead*, 2 Doug. 745.

*Simmons* and *Cushing*, for the defendant, cited *Colburn* v. *Richards*, 13 Mass. R. 422 ; Metcalf's Yelv. 142, note 1.

SHAW C. J. afterwards drew up the opinion of the Court As we understand the direction of the judge, we are of opinion that it was correct.    There is a slight ambiguity in the report of the instruction to the jury.    It was taken for granted, and it seems to have been so understood at the argument, that the usual and ordinary method of clearing out similar raceways in the country, is to pass over the grounds through which such raceways are conducted, and remove that portion of material which has fallen into it and place it upon the adjoining bank. The effect therefore of the rule adopted by the judge and applied to the actual circumstances of this case was, that where one is the owner of an ancient mill, to which there has been attached a raceway, being an artificial canal, for conducting off the water from the mill, and without the free and unobstructed current of which the mill could not be worked, and such canal has from time immemorial passed through the land of another, and there is no grant or contract regulating the rights of the parties, the owner of the mill has a right to enter upon the land through which the raceway passes, and to clear out the obstructions therefrom, in the usual and ordinary mode in which such canals are cleansed, doing no unnecessary damage, and that if the defendant had so done, it would have been a good justification for entering the plaintiff's land and clearing out the raceway.

In the first place it must be taken, according to established rules of the law, that the run of such a canal through the land of another, for the time stated, is evidence of an antecedent grant from the owner of the land to the owner of the mill, to construct and keep such a canal, and to make the beneficial use of it for which it was obviously intended.

It must be also taken as an inference of law, in the absence of a grant or contract, that the party who enjoys the benefit of the easement is to keep it in repair.    *Taylor* v. *Whitehead*, 2

Doug. 744. When the use of a thing is granted, every thing is granted by which it may be enjoyed. *Pomfret* v. *Ricroft*, 1 Wms's Saund. 323, and note 6. It follows as a necessary consequence, that the non-appearing grant carried with it to the grantee the right to do all necessary and proper acts to keep the raceway in a condition fit for the purposes for which it was intended. If it passes through the grantor's land, it carries an implied authority and license to enter upon the land to examine and clear the canal in a reasonable and proper manner, and of what is reasonable, the usual and customary mode is good evidence.

As to placing the materials taken from the bed of the stream, on the adjoining bank, the right and the duty to do so may depend upon circumstances. If the canal is walled up, and the stones have fallen in, it would seem to be the right and the duty of the mill-owner, in removing the stones from the bed of the raceway, to replace them on the wall of the ditch. If the material be soil, which has fallen from the adjoining bank, and which may be useful or beneficial to the owner of the land, for the purpose of enriching the soil or otherwise, it would be the duty of the mill-owner to place it on the bank for his use. But if it be material not useful or beneficial, it would be the duty of the mill-owner to remove it off the land in a reasonable time, and in a manner least prejudicial to the owner of the land.

We consider that this rule would not apply to a case, where the mill-owner owns the land upon either side of the millrace ; there he may make use of his own land, and no grant from the owner will be presumed, being not necessary to the use of his mill.

Nor will it apply to a case, where the rights of the parties in this regard, are regulated by any express grant or contract.

Nor will it apply to cases, where another and different mode of keeping such raceway clear of obstruction, has for a long time been used and practised.

We consider the incidental right of entering to keep the race clear of obstructions where it passes another's land, to arise from the principle of presumed grant, and the terms, limitations and extent of such grant, must be determined from the obvious purposes for which the easement is designed, and

to which it is adapted, and upon the manner in which it has been in fact used in past time, if any such use has been shown.

But we do not consider it necessary for the defendant to show actual previous entries and clearings, to establish the right, because no such clearing may have been necessary, within time of memory. But in the absence of such instances of actual entry and clearing, the obvious necessity and fitness of doing so, in order to enjoy the principal right granted, must be proved, from which a grant of the incidental privilege may be inferred.

*Motion for a new trial overruled.*